## PETERSON BROTHERS CONSTRUCTION, INC., a California corporation; PBC Pavers, Inc., a California corporation; Precision Leasing, Inc., a California corporation, Plaintiffs—Appellants,

v.

## LEXINGTON INSURANCE COMPANY, a Delaware corporation, Defendant—Appellee.

### No. 05-55719.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 7, 2007.

Filed July 23, 2007.

Richard E. Blasco, Esq., Hunt Ortmann Blasco Palffy & Rossell, Pasadena, CA, for Plaintiffs–Appellants.

Stephen M. Hayes, Esq., Hayes Davis Ellingson McLay & Scott, Redwood Shores, CA, for Defendant–Appellee.

Before: FISHER and CALLAHAN, Circuit Judges, and STROM, District Judge.*

* The Honorable Lyle E. Strom, Senior United States District Judge for the District of Nebraska, sitting by designation.

## MEMORANDUM **

This matter is on appeal from the district court's entry of summary judgment in favor of Lexington Insurance Company on an insurance policy coverage dispute. We review a grant of summary judgment *de novo*, viewing the evidence in the light most favorable to the non-moving parties. *Burlington Ins. Co. v. Oceanic Design & Constr., Inc.*, 383 F.3d 940, 944 (9th Cir. 2004). After careful review of the record and consideration of the oral arguments presented, we affirm.

The auto exclusion in this general commercial liability policy is unambiguous and applies in this case. The injuries and damages in this case were caused by the use of an auto. We find unpersuasive plaintiffs-appellants' argument that their compliance with the Americans with Disabilities Act or any negligence associated with an employee's drug use was an independent concurrent cause of the accident under *State Farm Mutual Auto. Ins. Co. v. Partridge*, 10 Cal.3d 94, 109 Cal.Rptr. 811, 514 P.2d 123 (1973), and its progeny. We further conclude that public policy considerations do not justify overriding the unambiguous auto exclusion in the plaintiffs-appellants' policy. The district court's order is, therefore, affirmed.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).